THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER REQUESTING AN INFORMAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 MAY A CITY OR POLITICAL SUBDIVISION IMPOSE MORE STRINGENT REQUIREMENTS REGARDING SMOKE DETECTORS IN RESIDENTIAL PROPERTIES THAN THOSE PROVIDED BY TITLE 74 O.S. 324.11A (1993)?
TO PROVIDE A COMPLETE ANSWER TO YOUR QUESTION, IT IS NECESSARY TO EXAMINE A PATCHWORK OF OVERLAPPING STATUTES. THE PRIMARY AUTHORITY REGARDING A MUNICIPALITY'S USE OF BUILDING CODE IS FOUND IN TITLE 11 O.S. 14-107(B) (1991) WHICH READS IN PERTINENT PART AS FOLLOWS:
 "A MUNICIPALITY WHICH ADOPTS BUILDING STANDARDS SHALL ADOPT AND ENFORCE ONE OF THE FOLLOWING CODES:
 1. THE BOCA BASIC BUILDING CODE OF THE BUILDING OFFICIALS AND CODE ADMINISTRATORS INTERNATIONAL, INCORPORATED; OR
 2. THE UNIFORM BUILDING CODE OF THE INTERNATIONAL CONFERENCE OF BUILDING OFFICIALS; OR
 3. THE SOUTHERN STANDARD BUILDING CODE OF THE SOUTHERN BUILDING CODE CONGRESS, INTERNATIONAL, INCORPORATED; OR
 4. THE CODE FOR ENERGY CONSERVATION IN NEW BUILDING CONSTRUCTION PREPARED BY THE NATIONAL CONFERENCE OF STATES ON BUILDING CODES AND STANDARDS, INC. (NCSBCS); OR
 5. ANY OTHER CODE WHICH THE GOVERNING BODY OF THE MUNICIPALITY DEEMS DESIRABLE TO PROMOTE SAFETY, ENERGY EFFICIENCY, HEALTH, AND WELFARE WITHIN THE MUNICIPALITY."
AS SET OUT ABOVE, 11 O.S. 14-107(B) OF TITLE 11 GIVES MUNICIPALITIES THE DISCRETION TO ADOPT ESSENTIALLY ANY BUILDING CODE WHICH THE MUNICIPALITY DETERMINES WILL SERVE TO "PROMOTE SAFETY, ENERGY EFFICIENCY, HEATH, AND WELFARE WITHIN THE MUNICIPALITY."
TITLE 74 O.S. 324.7 AUTHORIZES THE STATE FIRE MARSHAL COMMISSION TO ADOPT RULES AND REGULATIONS ON MATTER RELATING TO THE SAFEGUARDING OF LIFE AND PROPERTY FROM HAZARDS OF FIRE AND EXPLOSION ARISING FROM STORAGE, HANDLING, TRANSPORTATION AND USE OF FLAMMABLE AND COMBUSTIBLE MATERIALS, AND FROM CONDITIONS HAZARDOUS TO LIFE OR PROPERTY IN THE USE OF BUILDINGS OR PREMISES.
TITLE 74 O.S. 324.8 (1991) PROVIDES IN PERTINENT PART AS FOLLOWS:
 "THE RULES AND REGULATIONS PROMULGATED PURSUANT TO THIS ACT SHALL HAVE UNIFORM FORCE AND EFFECT THROUGHOUT THE STATE AND NO MUNICIPALITY OR SUBDIVISION SHALL ENACT OR ENFORCE ANY ORDINANCES, RULES OR REGULATIONS FOR CONSTRUCTION OF OR MAJOR ALTERATIONS TO BUILDINGS WITH STANDARDS OTHER THAN THE BUILDING OFFICIALS AND CODE ADMINISTRATORS (BOCA) NATIONAL BUILDING CODE, AS LAST ADOPTED BY THE FIRE MARSHAL COMMISSION, EXCEPT THAT A MUNICIPALITY OR SUBDIVISION WHICH REQUIRES PERMITS FOR CONSTRUCTION OF OR MAJOR ALTERATIONS TO BUILDINGS MAY ELECT TO ADOPT, BY ORDINANCE, ANY OTHER RECOGNIZED NATIONAL BUILDING CODE, IN LIEU OF THE BUILDING OFFICIALS AND CODE ADMINISTRATORS (BOCA) NATIONAL BUILDING CODE. PROVIDED, NOTHING IN THIS ACT SHALL PREVENT OR TAKE AWAY FROM ANY CITY, TOWN OR COUNTY, THE AUTHORITY TO ENACT AND ENFORCE RULES AND REGULATIONS CONTAINING HIGHER STANDARDS AND REQUIREMENTS THAN THOSE PROVIDED HEREIN NOR PREVENT OR TAKE AWAY FROM ANY CITY, TOWN OR COUNTY THE AUTHORITY TO AMEND SUCH ADOPTED CODES TO MAKE CHANGES NECESSARY TO ACCOMMODATE LOCAL CONDITIONS. AND PROVIDED FURTHER, THAT NOTHING IN THIS ACT SHALL IN ANY WAY IMPAIR THE POWER OF ANY MUNICIPALITY, COUNTY OR SUBDIVISION TO REGULATE THE USE OF LAND BY ZONING, BUILDING CODES OR RESTRICTED FIRE DISTRICT REGULATIONS."
AS SET OUT ABOVE, 74 O.S. 324.8 OF TITLE 74 PROVIDES THAT NO MUNICIPALITY OR SUBDIVISION MAY ENACT OR ENFORCE ANY ORDINANCES, RULES OR REGULATIONS WITH STANDARDS OTHER THAN THE BUILDING OFFICIALS AND CO-ADMINISTRATORS (BOCA). IT DOES ALLOW A MUNICIPALITY OR SUBDIVISION WHICH REQUIRES CONSTRUCTION PERMITS TO ADOPT BY ORDINANCE ANY OTHER RECOGNIZED NATIONAL BUILDING CODE. IT SHOULD BE NOTED THAT 324.8 ALLOWS MUNICIPALITIES TO ENACT AND ENFORCE RULES AND REGULATIONS CONTAINING HIGHER STANDARDS THAN THE BOCA CODE PROVIDES.
TITLE 74 O.S. 324.11A (1993) READS IN PERTINENT PART AS FOLLOWS:
 "A. ANY PERSON, PARTNERSHIP, CORPORATION, ORGANIZATION, THE STATE, OR CITY, TOWN, COUNTY, OR OTHER SUBDIVISION OF THIS STATE, OWNING A BUILDING OR STRUCTURE USED AS A HOSPITAL, CHURCH, THEATER, HOTEL, MOTEL, APARTMENT, HOUSE, ROOMING HOUSE, DORMITORY, REST HOME, NURSING HOME, DAY NURSERY, CONVALESCENT HOME, AUDITORIUM, OR CHILD CARE INSTITUTION, EXISTING OR CONSTRUCTED IN THE STATE OF OKLAHOMA, SHALL INSTALL IN SUCH BUILDING OR STRUCTURE A SMOKE DETECTOR OR DETECTORS IN ACCORDANCE WITH THE NATIONALLY RECOGNIZED CODES, STANDARDS, OR PRACTICES ADOPTED BY THE STATE FIRE MARSHAL COMMISSION TO SAFEGUARD LIFE AND PROPERTY FROM THE HAZARDS OF SMOKE AND FIRE.
 E. NOTHING IN THIS SECTION SHALL BE CONSTRUED TO ALLOW ANY POLITICAL SUBDIVISION IN THIS STATE TO ENACT LAWS IMPOSING UPON OWNERS OF ANY DWELLING DESCRIBED IN SUBSECTION A OF THIS SECTION A GREATER DUTY WITH REGARD TO THE INSTALLATION, TESTING, REPAIR AND REPLACEMENT OF SMOKE DETECTORS THAN IS REQUIRED BY THIS SECTION."
HAVING SET FORTH THE VARIOUS APPLICABLE STATUTES IN WHICH THE LEGISLATURE HAS PROVIDED GUIDANCE REGARDING THE USE OF BUILDING CODES IN THE STATE OF OKLAHOMA, THE NEXT STEP IS TO DETERMINE HOW THESE SECTIONS FIT TOGETHER.
PURSUANT TO THE RULEMAKING AUTHORITY OF THE STATE FIRE MARSHAL COMMISSION FOUND IN 74 O.S. 324.7 (1991), THE COMMISSION HAS INCORPORATED BY REFERENCE INTO ITS RULES AND REGULATIONS THE 1990 BOCA BASIC BUILDING CODE. UNDER 74 O.S. 324.8 (1993), THE 1990 BOCA BASIC BUILDING CODE HAS UNIFORM FORCE AND EFFECT THROUGHOUT THE STATE WITH REGARD TO SAFEGUARDING OF LIFE AND PROPERTY FROM HAZARDS OF FIRE AND EXPLOSIONS ARISING FROM STORAGE, HANDLING, TRANSPORTATION AND USE OF FLAMMABLE AND COMBUSTIBLE MATERIALS AND FROM CONDITIONS HAZARDOUS TO LIFE OR PROPERTY IN THE USE OR OCCUPANCY OF THE BUILDING OR PREMISES.
YOUR QUESTION ASKS WHETHER A CITY OR MUNICIPALITY MAY ADOPT, IN LIGHT OF THE AMENDMENTS FOUND AT 74 O.S. 324.11A (1993), MORE STRINGENT RULES AND REGULATIONS DEALING WITH SMOKE ALARMS THAN THOSE ADOPTED BY THE STATE FIRE MARSHAL. DIFFERENT STATUTES CONCERNING THE SAME SUBJECT MATTER MUST BE CONSTRUED TOGETHER AND HARMONIZED SO AS TO GIVE EFFECT TO EACH. JOHNSON V. WARD, 541 P.2D 182, 186 (OKLA.1975). IN CONSTRUING 74 O.S. 324.11A.(E) (1993) WITH THE LANGUAGE FOUND IN 324.8 SO AS TO GIVE EFFECT TO EACH, THE CONCLUSION REACHED IS THAT MUNICIPALITIES MAY CONTINUE TO ADOPT BUILDING STANDARDS THAT ARE MORE STRINGENT THAN THOSE IMPOSED BY THE STATE FIRE MARSHAL S RULES AND REGULATIONS, EXCEPT AS THE RULES AND REGULATIONS RELATE TO THE INSTALLATION OF SMOKE ALARMS.
THE UNIFORMITY PROVISION FOUND IN 74 O.S. 324.8 IS A GENERAL PROVISION THAT APPLIES TO ALL RULES AND REGULATIONS PROMULGATED BY MUNICIPALITIES THROUGHOUT THE STATE. IT IS A LONG STANDING RULE OF CONSTRUCTION IN THIS JURISDICTION THAT WHERE THERE ARE TWO STATUTORY PROVISIONS, ONE OF WHICH IS SPECIAL AND INCLUDES THE MATTER IN CONTROVERSY, AND PRESCRIBES DIFFERENT RULES AND PROCEDURES FROM THOSE IN THE GENERAL STATUTE, THE SPECIAL STATUTE AND NOT THE GENERAL STATUTE APPLIES. SOUTHWESTERN BELL TELEPHONE COM ANY V. OKLAHOMA COUNTY, 618 P.2D 915, 919 (OKLA.1980). IN THIS INSTANCE, 74 O.S. 324.11A(E) (1993) IS CLEARLY A SPECIFIC STATUTE DEALING ONLY WITH THE INSTALLATION OF SMOKE ALARMS IN BUILDINGS. WHERE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS, AND ITS MEANING CLEAR AND NO OCCASION EXISTS FOR APPLICATION OF RULES OF CONSTRUCTION, THE STATUTE WILL BE ACCORDED THE MEANING EXPRESSED BY LANGUAGE THEREIN EMPLOYED. CAVE SPRINGS PUBLIC SCHOOL DISTRICT I-30. OF ADAIR V. BLAIR, 613 P.2D 1046 (OKLA.1980). IN SECTION E OF 74 O.S. 324.11A, THE LEGISLATURE UNAMBIGUOUSLY EXPRESSES AN INTENT TO LIMIT THE AUTHORITY OF POLITICAL SUBDIVISIONS TO ENACT LAWS PLACING MORE STRINGENT REQUIREMENTS OF OWNERS OF DWELLINGS IN REGARDS TO THE INSTALLATION AND TESTING OF SMOKE DETECTORS. THUS SECTION E READS IN PERTINENT PART:
 "NOTHING IN THIS SECTION SHALL BE CONSTRUED TO ALLOW ANY POLITICAL SUBDIVISION IN THIS STATE TO ENACT LAWS IMPOSING UPON OWNERS OF ANY DWELLING . . . A GREATER DUTY WITH REGARD TO THE INSTALLATION, TESTING, REPAIR AND REPLACEMENT OF SMOKE DETECTORS THAN IS REQUIRED BY THIS SECTION."
THE LEGISLATURE, IN UNAMBIGUOUS LANGUAGE, HAS MADE IT CLEAR THAT SECTION 74 O.S. 324.11A IS ALL-ENCOMPASSING AS TO SMOKE DETECTORS.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ATTORNEY THAT A CITY OR POLITICAL SUBDIVISION MAY NOT IMPOSE MORE STRINGENT REQUIREMENTS REGARDING SMOKE DETECTORS IN RESIDENTIAL PROPERTIES THAN ARE PROVIDED FOR IN 74 O.S. 324.11A (1993).
(JOSEPH L. MCCORMICK)
(CONFLICT/SPECIFIC STATUTE)